Good morning, may it please the court. Jennifer Lyston on behalf of the appellate Shawntanna Thompson. Your honors, at issue in this case is whether the North Carolina offense of assault inflicting serious bodily injury categorically qualifies as a crime of violence under the sentencing guidelines. This court's review is de novo and is the government's burden to show that the sentencing enhancement applies. I think when you look at the offense of assault inflicting serious bodily injury, you will readily conclude that it is categorically overbroad because it includes a mens rea of culpable negligence. And this court has repeatedly held, and most recently in United States v. Barsinas Yanez, that to qualify as a crime of violence under the sentencing guidelines, the offense in question must be intentional and that a mens rea of recklessness or negligence will not suffice. Assault inflicting serious bodily injury in North Carolina is codified at 14-42.4 and it states that, and it has only two elements, those are assault and the infliction of serious bodily injury. The statute itself provides no mens rea whatsoever and instead the common law provides the mens rea. So when you look at the common law, the Supreme Court of North Carolina has said over and over again that all assaults must be committed intentionally but that culpable negligence does suffice to provide the actual intent for such assault. Now culpable negligence is defined in North Carolina law as such recklessness or carelessness proximately resulting in injury or death as courts a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others. And as this court explained... What are we to make of the government's list of I think over a hundred some odd cases in North Carolina where they show that in not a single one the court found an intent less than actual intent? Well, Your Honor, of course with this court in United States v. Benson that exact same argument was made. And of course we do not have a case from the North Carolina courts directly on point for assault inflicting serious bodily injury. And since of course North Carolina doesn't permit certification of federal questions, it is left up to this court to determine whether North Carolina, the North Carolina Supreme Court would recognize, would allow assault inflicting serious bodily injury to be committed through culpable negligence. And I submit that when you look broadly as this court did in Vinson, of course this court in Vinson when looking at assault on a female, the government said well we've looked at 681 different cases of assault on a female and we haven't been able to find one case that would involve anything less than intentional conduct. But of course the North Carolina courts had not spoken directly on assault on a female. And so this court looked broadly to North Carolina law and saw that there are a myriad of assault offenses in North Carolina that can be committed through culpable negligence including as the government recognizes on page 18 of its brief, manslaughter, assault inflicting serious bodily injury, assault with a deadly weapon with intent to kill inflicting serious bodily injury. And I think probably the most applicable perhaps offense in this question with the as far as the elements go would be felonious child abuse inflicting serious bodily injury. You have the exact same elements as assault inflicting serious bodily injury only that the two additional elements that it has to be committed against a child and it has to be committed by a caretaker or parent. And of course the North Carolina courts have specifically held that felonious child abuse can be committed through culpable negligence and that is a much more serious assault. That is a assault inflicting serious bodily injury which is only a class F felony which is fairly lower standard. Is culpable negligence less than recklessness? It is your honor and this court has held that specifically in United States v. Peterson in terms of North Carolina involuntary manslaughter specifically held that North Carolina's culpable negligence standard is a lower standard than recklessness which requires a reckless disregard as opposed to in North Carolina requires only a thoughtless disregard of the consequences. So to adopt the government's position would require this court to overrule not only Benson but also Peterson. The government cited this new case from the Supreme Court. I can't pronounce her name. Is it Boisine? Was that dealing with the same issue we have here involving the sentencing guidelines? No your honor it did not. Boisine addresses the whether a misdemeanor crime of domestic violence can be committed through through negligent conduct or reckless conduct or requires something less than intentional conduct. Boisine as we stated in our response to the government's 28-J letter does not apply here for two separate and independent reasons. First the Supreme Court in Boisine was very careful to note that it was in no way overruling LAICAL. It was leaving open this question as to whether a misdemeanor crime or as to whether a crime of violence under the sentencing guidelines under 18 U.S. Code section 16 could be committed through reckless conduct. That's but no four right? Correct and of course there are many reasons why and the court was very careful to note that requires a completely different degree of force. A crime of violence requires strong physical violent force as opposed to a misdemeanor crime of domestic violence which only requires the force necessary to complete an offensive touching and so the Supreme Court said that given those different contexts and the different degree of force there may very well be good reasons why anything less than intentional conduct would not suffice for a crime of violence and of course this court has held, consistently held, that you do actually have to have intentional conduct and an intentional mens rea to suffice for a crime of violence and so this the second reason that that we've already discussed that North Carolina's culpable negligence standard is actually lower than recklessness and so again the government in bringing up Poisin, I understand that the government is trying to muddy the waters here but that would would require this court to overrule well-settled precedent in this court at that to qualify as a crime of violence you do have to have an intentional mens rea and that North Carolina's culpable negligence standard is lower than recklessness. Now the government is also trying to say that this crime is divisible and we don't think that there is any evidence to show that the crime is divisible. As I said the statute doesn't define any sort of mens rea and actually I think this is even easier than the case of Barcenas Yanez at least in Barcenas Yanez with the statute you actually had different mens rea set out in the statute. North Carolina doesn't even have that you have no mens rea whatsoever and you have two elements yes your honor and so unlike all the examples that the government supplied states like Maine and Arizona and Missouri that expressly designate different levels of culpability in their statutes that's not what North Carolina does instead North Carolina simply says well all assaults have to be intentional but that actual intent can be supplied through culpable negligence. The pattern jury instructions never instruct the jury that they have to decide whether an assault is committed intentionally or through culpable negligence. The government is saying that actually you have to indict a culpably negligent assault differently than an intentional assault. We don't think that's true but even if you buy that even if you agree with the government that the government the state would have to assert a theory of culpable negligence in the indictment even given that the necessary limitation on that is of course that the state can only indict on a theory of culpable negligence if it is aware of that theory at the time of indictment and of course in most cases the state's not going to be aware of that the assault was anything other than intentional and so what can happen is the defendant of course is free to come forward at a trial and say look I did not mean they they're free to negate the mens rea element of intent and say look this was accidental I didn't mean for this gun to go off it discharged just like the defendant nationwide look this was an accident I didn't mean to do it. If that happens as this court recognized in Vinson the jury is going to get an instruction on accidental injury and that instruction which is North Carolina Pattern Jury Instruction 307.11 states that an injury is accidental if it is unintentional occurs during the course of lawful conduct and does not involve culpable negligence and then the jury's going to be instructed on culpable negligence and once that happens the jury is free to go back and say half the jury can say I didn't believe that guy's story for a second I thought that shooting was intentional he totally meant to shoot that guy guilty of assault the other half of the jury is certainly free to say well you know I I didn't really think that he meant to shoot that guy but you know he was supposed to have a gun in the first place and he sure wasn't being very careful and how he was handling it so yeah we think he's culpably negligent and so yes guilty of assault and so when the verdict alternative basis for conviction precisely your honor and that that verdict is going to come back and there's going to be no distinguishing there between what the jury found their jury was simply not required to on the theory of the assault and for that reason it would not be a divisible offense if there are no other questions gravity is the hallmark of great pardon gravity is the hallmark of great good morning may it please the court Philip Rubin on behalf of the United States your honors you cannot put down something that you never picked up and in exactly the same way you cannot disregard information you were not aware of in the Voisin case this summer the Supreme Court gave an exposition on what it means grammatically to use force in the Supreme Court said that that term does not demand that the person applying the force have the purpose or certainty that it will cause harm as compared with the understanding that it is substantially likely to do so what is put no for me but no for means only that they did not decide in that case whether it would apply to the guidelines for 16 be I will say that two circuits have already reached that question and both have applied it beyond misdemeanor crime in particular I would point to the in the Eighth Circuit's case and how and remember the Supreme Court's decision only came out a little over three months ago have already applied it to the guidelines yes and and frankly it seems like there's no way not to because these use and this is what this court said in the back for a second does the extra could have a soft statute that allows culpable negligence as a I I don't think it uses the term culpable negligence your honor I believe there I would have to check to be sure so I don't over represent I think it's not what they said is that the language about what it means to use force and was in applies to the guidelines and that is exactly what we're saying so I think that is apples and apples how you apply that to the crime at hand is something that would be specific to this court in this case but the question my misdemeanor crime and domestic violence and we would have to strongly disagree because this court said in Vincent to when it looked at Lee account Lee account was not a misdemeanor crime and domestic violence case like Vincent was in this court said that they applied the same concept of use of force to those terms because they are quote largely identical and so I think if that applies in that case it should apply here and I would note Vincent was a misdemeanor crime of domestic violence case but my colleague has no problem asking you to apply it to the guidelines Vincent and was in both applied to the term use of force under misdemeanor crime and domestic violence we agree that term is the same in the guidelines and it should get the same interpretation in fact it's difficult to imagine when you read the Supreme Court's language how it could mean something different their analysis went as follows they did not say a one sentence holding recklessness counts they also didn't say that the drafters intended to incorporate recklessness what they said is what does it mean grammatically to use force they consulted dictionaries they consulted hypotheticals of just what is that term they said use is the only term that anyone thinks matters what does that word mean they didn't because very few states still use that formulation but in and your honor and I will address that precisely because what they said in that case was the test for whether something is a use of force is whether there is a awareness of the substantial likelihood that it will cause harm once they established that test they then applied it to model penal code recklessness and said yeah it involves a conscious disregard of a known risk so of course it meets that test but we don't take Supreme Court holdings as one sentence statements and disregard the rest they prescribed the test North Carolina does not have recklessness as a men's riot it doesn't have it it has never adopted the model penal code like most states have for these assaults and so if the question is have they adopted a model penal code definition that didn't exist until a hundred years after they define culpable negligence the Supreme Court even said in Voisin we wouldn't know how to answer the good news is that's not the question the question was being stated accidental conduct no is intentional no was it a it's called negligence could uphold everything compass accidental conduct absolutely not and this is from the North Carolina Supreme Court what they have said is culpable negligence is not ordinary civil negligence and here's the difference they said the question was whether not to be accomplished accidental conduct if it doesn't even encompass negligence it certainly couldn't encompass accidental your patients not say that it does not accomplish it does not encompass accidental conduct and and I can give I can give your honor examples of how they have distinguished if you gave me a North Carolina case to say that's difficult conduct I will I will be helpful I don't know if they use the word accidental but if I could just if I could relate to your honor the facts of the case I think it would make that point exactly in the case is called State v. Mundy and the site to this case is 243 North Carolina 149 and I gave this case to my colleague yesterday to make sure they were aware of it in this case it was about whether somebody who fell asleep while driving could be guilty of involuntary manslaughter for doing so and what the court said is that merely falling asleep while driving is not itself culpable negligence is not categorically what they said is quote the focus point of the inquiry is whether the operator because of drowsiness previous tiring activities or other premonitory symptoms of sleep became aware of the likelihood of falling asleep but nonetheless continued to operate the vehicle under circumstances evincing a thoughtless disregard of consequences or heedless indifference to the rights and safety of others I think if someone fell asleep without more your honor that would be the accidental conduct you're describing and they said you need more and what you need is awareness and awareness is what the Supreme Court said makes a use of force we must remember that there is no mens rea requirement in any of these provisions Congress did not write that into any of these the Sentencing Commission there's not one word the question is is it a use of force and what courts have held is that accidentally if I trip and I fall on you while you're shaking my hand but that's not a use of force but the Supreme Court has now told us that even if it wasn't fully intentional or I didn't fully know the outcome if I was aware of the substantial likelihood and I did it anyway that that would count and what we're asking this court to do is apply the Supreme Court's test Vincent asked what we now know after Vincent is that it asked the wrong question I recognize that your honor I think I think that would certainly be an option but I don't it isn't it is not your honor and if I could quote from it from it is circuit law but it is not if I could just quote from from this court's statement on the subject a decision by a panel of this court or by the court sitting on bunk does not bind subsequent panels if the decision rests on authority that subsequently proves untenable that we have to adopt your argument that this new Supreme Court that's that's correct and this court has said a new Supreme Court case can be precisely the thing that renders case law your honor I don't think what this court would have to do in order in order to say that would be to say that the word use means something different in the guidelines than it means in these other provisions and as a matter of English grammar I don't see how that can be and and if there's and I wouldn't I would notice that my colleague didn't even offer an explanation for why she said it hasn't been applied to the guidelines but I would love to hear an art because we haven't been able to think of one for why the word use means something different in the guidelines then it means in the dictionary then it means in Voisin then it means in the misdemeanor crime of domestic violence provision or if you want another way Vincent only applied to misdemeanor crime of domestic violence that was an issue in that case this court could say that it doesn't apply beyond that I don't think that's the best way to approach it I think the way that we're discussing but this court even just this March in a case called Bell Mora applied this reasoning incited to this Health and Human Services case I just quoted when it's refused to follow its prior tests under a patent under a patent examination based on the Supreme Court's opinion in Lexmark they said the Supreme Court has a new test and we have to follow it the alternative is not to follow the Supreme Court's guidance and I think no matter what this court before then it's just there's it doesn't have any real meaning at all I beg your pardon your honor but no for has no meaning at all that where you read it and couple net is accomplished in recklessness I think all the Supreme Court was saying is that they didn't have occasion in the case to reach whether it applied whether it had any impact on Lee account I will note that elsewhere in the opinion they say that there that Voisin is fully consistent with Lee account because all Lee account addressed all it addressed was it was accidental non mens rea at all conduct in that case it was a Florida DUI statute DUI causing injury that had it wasn't reckless it wasn't anything there was no mens rea North Carolina actually has that crime that crime exists in North Carolina it's felony serious injury by vehicle which is an accidental crime this crime as as my colleague acknowledged requires intent and North Carolina courts have been emphatic that assault is an intentional attempt by if it can be collected notwithstanding appearance to the contrary that there's not a present purpose to do an injury there is no assault this is not a DUI statute this is an assault North Carolina has said assaults are intentional that intent can be inferred from culpable negligence the jury can look at your culpable negligence and come to a conclusion that you intended it but again those couple negligence the equivalent of recklessness I recognize this court's decision in Peterson that said it fell below it when I have read these cases and I'm not asked I don't think the court has to resolve that in this case it's no longer that's no longer the question but I would say under yes yes it is there's not a difference North Carolina has never adopted recklessness as a mens rea so I don't have to overrule Benson and Peterson no not at all because it's a different question the question in Peterson Peterson was not about force clauses Peterson was about whether North Carolina involuntary manslaughter was the enumerated offense of manslaughter the court looked and said generic manslaughter requires recklessness does involuntary manslaughter in North Carolina require that no this isn't about enumerated offenses this is about the use of force and that is our question that is why when I say that Vincent asked the wrong question we now know Vincent asked whether it was at least recklessness that is not the inquiry per voisin the inquiry is was it a use of force if you are aware of the likelihood that it would cause injury and you did it anyway then it is a use of force that is the plan and according to the Supreme Court that's the plain interpretation of that term I would also know that the Supreme Court both in Castleman and in Voisin has looked very closely at the impact of these decisions and I would just ask the court to consider the impact of all North Carolina's or at least practically all North Carolina assaults no longer qualifying as violent felonies no longer qualifying as crimes of violence in reckless assaults the the misdemeanor crime domestic violence provision would be inoperative in most states and they said we can't imagine that the drafters would have intended that result and I would submit to you and I'm only approaching North Carolina here but if this court says that none of North Carolina's assaults qualify I mean those are some of the most basic fundamental violent crimes that these provisions are intended to read we're talking about guidelines decisions we're not talking about other things are well I think this would apply the same to the arm for criminal act it has the same force clause with the same language so I think I in that sense I'm the one here saying that use of force means the same thing across these so I don't think I'd be able to come here and argue that it doesn't apply to the arm for criminal act it would have to it's the same use of force provision and I would our position in Johnson's up in the Supreme Court and you know I think they're in the guidelines but I guess I may not understand your honor's question I think the context can be oh your honor these it's too much for me to answer absolutely your honor and I don't I don't I don't want to be misunderstood your honor nothing I was saying was about Johnson Johnson was a Fifth Amendment do product due process vagueness case that may have wildly different applications if you take for example 16 be or 924 c3 be and I am I'm not it's actually it's different language it's different language the language of issue in 16 be a 924 c3 be is different language than Johnson struck it's not the same and because of that we think that there are differences I do want to return to this case though because I fear of what will happen in the career offender guideline if use of force is read to exclude all of the state's assault crimes and the fact is the Supreme Court and does we know that North Carolina recently changed something that had huge impact here it can your honor but I did I don't think that I think the Supreme Court then could have said in Voisin while it'll be an operative in all these states but the states can always fix it I think what they were looking at is that when the statutes that they intend for them to apply to these kind of crimes are not that's not controlling the laws control the language is controlling but the Supreme Court in Voisin and in Castleman looked and said we just want to make sure that what we're doing conforms with a reasonable practical real-world application of the statute and they said yes and to do the opposite wouldn't I would maintain that to exclude assault with a deadly weapon inflicting serious injury is not a crime of violence Voisin first put forth a test and then applied it to recklessness we're asking this court not to just look at that last part of the equation but to take the whole equation and apply here thank you thank you your honor I don't want to use all of my time on this but I do think it's the most important point because at the end of the day these statutes they are and they are requiring an awareness of the risk of injury and that's precisely the thing that the Supreme Court has already said constitutes a use of force which is the only question at issue in this case I would turn now very quickly to divisibility and I realize the court may have already already taken a view on this but I think it bears noting what North Carolina's courts have said about assault and I read a quote earlier I won't read the same one again they've said that all assaults are intentional they require intent now this court has come in and has said but it can be satisfied with culpable negligence I am mindful of the jury instructions on assault and when I read them an assault is an intentional application of force whoever slight directly or indirectly to the body of another person without that person's consent there's not one word in these instructions and same for felonious assault inflicting serious bodily injury not one word about culpable negligence so if we took a jury right now and we read them this instruction that if you find from the evidence that on or about alleged state the defendant intentionally insulted the victim inflicting serious bodily injury we read them that instruction I don't think any jury out there would convict a they would have no idea that's even possible in other words you would have to instruct them more you would have to go on and that's what courts do they instruct them that you can infer intent from culpable negligence yet we have a case in one in one that the defendant has not really responded to other than just to say it's wrong state v. Stevens where the indictment read as follows this was assault on a child under 12 defendant named above unlawfully and the face by swinging about his belt then there was no instruction on culpable negligence but then the jury came back and asked a question about intent in answering that question the judge responded with a normal instruction about intent and then added to it that intent could be inferred from culpable negligence the result in the North Carolina Court of Appeals was reversal the reason the instruction permitted the jury to convict to convict defendant on a criminal negligence theory of assault a theory not alleged in the indictment what that says and this is the same kind of reasoning the original Vincent one decision before it was reheard on panel rehearing applied looking at North Carolina's cases look to what what must you charge in the indictment in that case Stevens as well as the Hines case before it says you if you're going to convict on a culpable negligence theory you have to charge a culpable negligence theory my colleagues stood up here and gave a colloquy about a jury deliberating and what was absent from that was a single citation to a case I am unaware of whether that is the law in North Carolina that a jury could split that way I think you would have a unanimity problem particularly given that you had this fatal variance issue on what must be indicted but to be clear neither one of us has a case saying that either way and I would just like like to state that particular question isn't resolved what we do have is Stevens and Hines two cases that have said if you didn't charge a culpable negligence theory in the indictment you can't convict on one it's a fatal variance from the indictment my colleagues response is three cases none of which address that kind of fatal variance Spellman and Agnew the two cases that were cited originally don't involve fatal variances at all it was just about whether there was sufficient evidence the defendant didn't argue that the indictment was insufficient so of course those cases didn't resolve it the third one Oakman involved a fatal variance but not about culpability it was a fatal variance about whether the indictment could replace intentionally inflicting serious bodily injury with intentional assault in a separate issue in that opinion in a separate section they address the necessary mens rea for assault but it was not a fatal variance the only cases that addressed what you must charge to convict on a culpable negligence theory that we have found and I believe that they have found as well are Stevens and Hines and they go in the direction that we're saying to bring this all together because you would have that fatal variance you have to indict on a culpable negligence theory the assault was intentional and therefore in this this follows with the math this decision which says if state law is not clear on what a jury must decide one of the things you can do is peek at the Shepherd documents in order to determine if it's divisible and we would we would ask for the opportunity in these kinds of cases to take that peek otherwise just as you mentioned and we cited it's now 136 cases there have been five more since we filed all of which we cannot find anywhere that culpable negligence has ever been applied to this crime I will fully acknowledge I haven't found a case that says the opposite in a criminal case but what I have found and we cited this nationwide mutual be gas kill a civil case where a defendant tried to get out from under an insurance provision that said the insurance company wouldn't cover intentional acts and he said assault inflicting serious bodily injury can be done with your honor I am very glad you brought that up because I meant to bring it up that was something we mentioned in our petition for panel rehearing this mens rea argument came up after oral argument the court did not respond to it and Vincent to and I don't think it's fair to say that the court took a position on whether that was or was not a valid argument I think the court didn't say anything and we'd like the opportunity in front of the court that there were at least 600 or 500 other cases that are equivalent to the cases that you were talking about for another statute but you say that the court didn't you can't draw any conclusions about whether it thought they would determine it all I can say your honor is that the court didn't focus or mention that at all I would think that this is pretty good evidence that in Vincent court gave it very serious consideration I mean they're full to full published opinion I guess so I think it'd be hard to say that they didn't look very petition for me here and why not grant another nothing well we did file one but but nothing not your honor nothing I nothing I mean to say suggest anything about what the court did or didn't look at but I'm unfamiliar with the ability to use the briefs in a case as a method of arguing what the court held the very well your honor I just don't see the court of it having addressed it and we would just ask you to consider it here thank you your honor just just very briefly and I would just point out the government in terms of the visibility argument and the fact that the culpable negligence must be alleged in the indictment is still not addressing that and the pattern jury instructions is still not taking into account that the North Carolina pattern jury instructions when the idea of accident arises in a case that the jury will be instructed on accident and that injury by accident itself incorporates the culpable negligence standard and the jury will hear an instruction on nothing in that opinion would compel this court to set aside the settled precedent of this court stating that for a crime of violence which does require a much higher degree of force than a misdemeanor crime of domestic violence nothing in Voisin requires this court to set aside that precedent and I do think that this panel is correct that if this court wants to go with the government's analysis in this case it would require this this court to take this case up on bond well the suggestion from the other side was that was he made such a change in the law that really compels us to disregard our prior president and I believe this panel has appropriately recognized that the Supreme Court very deliberately says nothing here changes the analysis and lay a cow and that we are leaving this issue for another day and so I don't I don't believe that there's anything in Voisin that would overrule Vinson or cause this court to the use of force yeah so I think it's important to note that this court that the court in Voisin was relying on exactly the same definition of recklessness that this court relied upon in Peterson and and Vinson they talked about the model penal code definition of recklessness and the Supreme Court goes into this explanation of what's the difference between accidental conduct and reckless conduct and they have this example of the man washing the dishes in the sink and he says that well you know if if the man's hand just slips in the soapy water and breaks a dish that's in and a shard from that dish goes and you know injures his wife that's an accident as opposed to the man taking up a plate and throwing it at the wall perhaps not intending to hit his wife but then a shard goes I think in North Carolina the difference is you have something in between that in that if that man washing that same dish had Parkinson's disease or something that made his hands very unstable and he was washing that dish and perhaps he'd broken a dish in the past I think North Carolina would say well again that's an accident if he if if that dish falls into the sink but he was culpably negligent in that he knew he had Parkinson's and he had broken a dish before and so I think North Carolina would consider that to be a culpably negligent but it still wouldn't rise to a recklessness standard that of throwing a dish against a wall that the Supreme Court was talking about in the scene if that makes any sense your honor we would just we would just ask that you would vacate mr. Thompson's sentence and remand this matter to the court for re-sentencing thank you very much we will ask our clerk to adjourn this honorable court stands adjourned until tomorrow morning at 830 God save the United States and this honorable court
judges: Diana Gribbon Motz, Albert Diaz, Gerald Bruce Lee